*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0549**


Steven R. Schilling,
Relator,

vs.

Site Solutions Professionals,
Respondent,

Department of Employment and Economic Development,
Respondent.


**Filed November 2, 2015
Affirmed
Bjorkman, Judge**


Department of Employment and Economic Development
File No. 33162717-3

Steven R. Schilling, West St. Paul, Minnesota (pro se relator)

Site Solutions Professionals, Bloomington, Minnesota (respondent)

Lee B. Nelson, Timothy C. Schepers, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**UNPUBLISHED OPINION**

**BJORKMAN**, Judge

Relator challenges the determination of an unemployment-law judge (ULJ) that he is ineligible for benefits because he was discharged for employment misconduct. We affirm.

**FACTS**

Relator Steven R. Schilling worked as a design technician for respondent Site Solution Professionals from early 2013 until December 12, 2014. Schilling was able to work a flexible schedule, but was repeatedly advised that he needed to arrive by 9:00 a.m. Following oral warnings for tardiness, Schilling met with the company president and vice president on December 12, and received a two-page written warning. The warning lists four infractions—absenteeism, substandard work, tardiness/leaving early, and violation of company policies (sleeping at work)—and includes an improvement plan. The officers asked Schilling to acknowledge receipt of the warning by signing the report. Schilling refused because he disagreed with the allegation that he had been late for work, and asked about the consequences of a refusal. The response was, "You're done then." Schilling replied, "OK, I'm done then," and left the meeting. Schilling did not return to work.

Schilling subsequently applied for unemployment benefits. Respondent Minnesota Department of Employment and Economic Development (DEED) determined that he is ineligible for benefits because he quit his employment. Schilling appealed. After an evidentiary hearing, the ULJ found that Schilling did not quit, but is not eligible

for unemployment benefits because he was discharged for employment misconduct. Schilling sought reconsideration, arguing that refusing to sign a document he did not agree with should not be considered misconduct. The ULJ affirmed, noting that the employer's request was reasonable and did not impose an unreasonable burden on Schilling. Schilling appeals by writ of certiorari.

## DECISION

An employee who is discharged for employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2014). Whether an employee committed employment misconduct is a mixed question of law and fact. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether an employee committed a particular act is an issue of fact, which we review for substantial evidence, but whether the act constitutes employment misconduct is a legal question, which we review de novo. *Id.*

Misconduct is "any intentional, negligent, or indifferent conduct . . . that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2014). "As a general rule, refusing to abide by an employer's reasonable policies and requests amounts to disqualifying misconduct." *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). What is reasonable depends on the circumstances of the case. *Sandstrom v. Douglas Mach. Corp.*, 372 N.W.2d 89, 91 (Minn. App. 1985). But "conduct an average reasonable employee would have engaged in under the circumstances" and "good faith errors in

3

judgment if judgment was required" are not employment misconduct. Minn. Stat. § 268.095, subd. 6(b)(4), (6) (2014).

Schilling does not challenge the ULJ's factual determinations but argues that his refusal to sign the written warning is not employment misconduct because it was unreasonable for his employer to require him to sign a document with which he did not agree. We are not persuaded. The written warning clearly states that signing the document does not constitute an admission to its allegations: "By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement. Signing this form does not necessarily indicate that you agree with this warning." Rather, the written warning memorializes the company's concerns and Schilling's acknowledgment of what he must do to improve his performance. On this record, we conclude that it was reasonable to require Schilling to acknowledge receipt of the warning in writing. And his refusal to comply with this reasonable request constitutes employment misconduct.

Schilling cites to the unpublished case *Schneeweiss v. Schwan's Consumer Brands, Inc.*, to support his argument that refusing to sign the report should not be considered employment misconduct. No. A11-1709, 2012 WL 2505815 (Minn. App. July 2, 2012). His reliance is unavailing for two reasons. First, the opinion is unpublished and therefore not precedential. Minn. Stat. § 480A.08, subd. 3(c) (2014). Second, *Schneeweiss* does not support his argument. This court affirmed the ULJ's determination that Schneeweiss's refusal to sign the warning report as an

4

acknowledgement of receipt constituted employment misconduct. *Schneeweiss*, 2012 WL 2505815, at *3.

Finally, Schilling argues that allowing him to receive unemployment benefits "would be the right and fair decision." But the law does not permit equitable exceptions to the statutory requirements for obtaining unemployment benefits. Minn. Stat. § 268.069, subd. 3 (2014). Schilling committed employment misconduct and is therefore ineligible for benefits.

**Affirmed.**